[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY PROBATION
The defendant, Larry Andrews, is presently under the supervision of the Department of Adult Probation. In 1993, Andrews pleaded guilty to sexual assault first degree in violation of General Statutes § 53a-70, risk of injury to a minor in violation of General Statutes § 53-21 and failure to appear first degree in violation of General Statutes §53a-172. He received a sentence of ten years execution suspended after three and one, half years and three years of probation. Andrews was discharged from the Department of Corrections in February 1996 and began serving his period of probation. At the time of his sentencing, special conditions of probation were imposed that prohibited Andrews from having unsupervised contact with children under eighteen years old and also prohibited CT Page 1992 contact with his wife and stepdaughter. The no contact condition concerning Andrew's wife and stepdaughter was imposed without prejudice to a reconsideration of this issue once he was released from the Department of Corrections. On February 28, 1996, the defendant's wife, Linda B. Andrews, filed a motion seeking modification of the probation conditions so as to permit contact between the defendant and her. A hearing was held on this motion on March 27, 1996. At that hearing, Linda Andrews expanded her request to include not only contact with her but also that Larry Andrews be allowed to live with her and her two teenage sons at their home in Ansonia, Connecticut.
In support of her request. Ms. Andrews told the court that (1) the defendant's stepdaughter (who was the victim in the sexual assault case) is no longer living in her house, but has moved to another residence in another town; (2) the defendant provided, her two sons with valuable guidance when they visited him while he was incarcerated; (3) she looks to the defendant to provide a positive male role model to her two sons; and (4) the defendant is essentially homeless and living in the backroom of a church in New Haven. Ms. Andrews stated that, in her view, allowing the defendant to live with her would be in the best interests of her and her two sons.
Both the state and the defendant's probation officer object to the motion. Their objection is based on three factors: (1) the defendant's lengthy prior criminal record; (2) the defendant's poor performance while serving prior probations; and (3) the nature of the underlying offense.
Although the court values the views of both the state and probation department, in this case the court is persuaded that the requested modification should be granted. This decision is based upon several factors. First, the victim in the underlying case has moved to a new address and is not living with Ms. Andrews in Ansonia. The no contact order ' as to the victim remains in full force, and is unaffected by this modification. Second, although the defendant has a significant criminal record, the vast majority of his convictions are for misdemeanors. He has no prior sexual offenses and he is not required to comply with sex offender treatment as a condition of probation. Third and most importantly, the court views Ms. Andrews as a responsible woman who has the best interests of her children at heart. She is in the best position to gauge the defendant's risk to her sons. Her unequivocal position is that her two sons need and will CT Page 1993 benefit from the presence of their father in the home. The young men, Moses (age 16) and Myrell (age 14) present themselves as well groomed respectful persons who attend school regularly and are not behavior problems at home. Ms. Andrews appears to be doing a good job raising them.
For the reasons set forth above, the requested modification is granted and Larry Andrews is authorized to reside with his wife and two sons at 27 Orchard Street, Ansonia, Connecticut. If anyone else resides at that address either now or in the future, further court authorization is required to allow the defendant to remain there.
Dated at New Haven, Connecticut this 29th day of March, 1996.
Robert J. Devlin Jr., Judge